NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

**TAX COURT OF NEW JERSEY**

**JOSEPH M. ANDRESINI, P.J.T.C.**
PRESIDING JUDGE



125 State Street, Suite 100
Hackensack, NJ 07601
Tel: (609)815-2922 ex. 54570
Fax: (201)996-802

June 28, 2018

Richard J. Sapinski, Esq.
Sills Cummins & Gross P.C.
One Riverfront Plaza
Newark, NJ 07102

William G. Jeffers, Esq.
Office of the Attorney General
Department of Law and Public Safety
25 Market Street
Trenton, NJ 08625-0106

> Re:    Monmouth Medical Center, Inc. v. Director, Division of Taxation
>          Docket No. 013542-2017

Dear Counsel:

This letter constitutes the court's opinion with respect to Plaintiff's, Monmouth Medical

Center, Inc.'s ("MMC"), motion to reinstate its complaint that was administratively closed based

on corporate plaintiff's failure to be represented by counsel. For the reasons set forth below,

plaintiff's motion is GRANTED.

Facts and Procedural History.

MMC, a not for profit corporation (hospital) located at 300 Second Avenue, Long Branch,

New Jersey.  The Defendant, Division of Taxation, (the "Division") audited MMC and proposed

tax deficiencies with respect to MMC's Sales and Use Tax and Cosmetic Medical Procedure Tax

liabilities for the period of June 30, 2009 through May 31, 2013 (the "Audit Periods").  In this

1

audit and in subsequent administrative appeal in the Conference and Appeal Branch of the Division, plaintiff was represented by Carl Dobes ("Dobes"), a certified public accountant.[1] Dobes Cert. at 1, 2. On August 8, 2017, the Division issued a Final Determination upholding the assessment of Sales and Use Tax, Cosmetic Medical Procedure Tax, penalties, and interest in the amount of $603,323.20.

Dobes discussed the final determination with Catherine Dowdy ("Dowdy"), MMC's VP Corporate Controller, and advised her that if MMC wanted to pursue judicial review of the auditor's proposed adjustments, it had to file a complaint with the New Jersey Tax Court. Dobes Cert. at 2.

On November 3, 2017, Dobes hand delivered the Complaint, along with a Case Information statement, a copy of the Division's Final Determination, and a correct filing fee to the Tax Court Clerk's Office. Dobes Cert. at 2. Following a conversation with the tax court clerk that accepted the papers, Dobes was under the impression the complaint was properly filed although at some point MMC would have to be represented by counsel in order to proceed before the court. Dobes Cert. at 2, 3.

On November 8, 2017, the Tax Court issued an Acknowledgement Notice and a Notice of Deficiency ("NOD") addressed to Catherine Dowdy at MMC's hospital facility physical address at 300 Second Street, Long Branch, New Jersey (listed on the complaint). The NOD had a checked box stating: "Corporation not represented by an attorney – R. 1:21-1(c) provides that "an entity . . . other than sole proprietorship shall neither appear nor file any paper in any action in this court of this State except through an attorney authorized to practice in this State." NOD also stated that if the deficiency was not corrected within 10 days, the case will be administratively dismissed.

---

[1] N.J.A.C. 18:32-1.5 allows a certified public accountant to represent a taxpayer in an administrative appeal.

2

Because Dowdy sits in a different building in Oceanport, New Jersey, she did not receive the notice until December 4, 2017.

Once aware of the deficiency and that the time to cure it had passed, on December 5, 2018, Dobes immediately contacted the Tax Court Clerk's office and spoke to the tax clerk, who, according to Dobes, remembered him and told him that MMC will be given additional thirty days to obtain representation by counsel. Dobes Cert. at 3, 4. That same day, the Court issued an order administratively closing the case based on noncompliance with R. 1:21-1(c), which requires a corporation to be represented by an attorney, and stating in the order that MMC could move through an attorney licensed in New Jersey to reinstate the matter within thirty days of the order.

On December 5, 2018, Dowdy authorized Dobes to retain legal counsel for the MMC, who in turn retained the law firm of Sills Cummis & Gross PC ("Counsel").

On December 29, 2017, Counsel filed a notice of appearance and a motion to reinstate MMC's complaint. The motion was premised on the reinstatement language in the court order of December 5, 2018, as grounds for reinstatement.

On February 8, 2018, the Division submitted its opposition to MMC's motion. The Division argued two points. First, it claimed the court had no subject matter jurisdiction to hear this complaint because MMC failed to appear before this court by authorized New Jersey counsel within the statutory mandated time of ninety days from the date of the final determination. Second, the Division argued that MMC's motion to reinstate was not entitled to relief under R. 4:50-1 because there were no exceptional and compelling circumstances enumerated in R. 4:50-1 to justify the reinstatement.

On February 26, 2018, MMC filed a reply where it conceded that that the ninety day rule was to be strictly construed with regards to the filing of the complaint, but stated that R. 4:50-1 was not a proper basis to grant relief because there was no final order or judgment entered in this

3

case based on the thirty day to reinstate language in the court's order. MMC argued that by administratively closing the case instead of dismissing it, the court allowed the reinstated case to retain the original filing date. MMC further stated that while the court had no power to enlarge the statutory limit for filing the complaint (the ninety day rule), it had the power to enlarge the time to cure nonconforming papers under R. 1:5-6(c) by virtue of R. 1:1-2(a). Finally, MMC stated that even if R. 4:50-1 did apply, the facts of the case supported granting relief based on "mistake, inadvertence, surprise, or excusable neglect," because plaintiff did not sleep on its rights but instead filed a timely, albeit imperfect complaint, and obtaining representation of counsel as soon as it learned it had to do so.

After the oral argument, the court <u>sua sponte</u> raised the issue of whether R. 8:3-3 allows parties to file pleadings with this court, and offered the parties the opportunity to submit supplemental briefs on this issue. In its respective brief, MMC argued that while R. 1:21-1(c) prohibits entities not represented by counsel from appearing before the court,[2] R. 8:3-3 allows parties to file papers and appear pro se because Part I of New Jersey Rules of Court applies to Tax Court "unless otherwise stated,"[3] and, the language of R. 8:3-3 creates a special pleading requirement exempting Tax Court pleadings from the operation of R. 1:21-1(c):

> In addition to the special pleading requirements prescribed by these rules all pleadings shall generally accord as to form with the rules governing pleadings in the Superior Court. A pleading shall be

---

[2]

> Except as otherwise provided by paragraph (d) of this rule and by R. 1:21-1A (professional corporations), R. 1:21-1B (limited liability companies), R. 1:21-1C (limited liability partnerships), R. 6:10 (appearances in landlord-tenant actions), R. 6:11 (appearances in small claims actions), R. 7:6-2(a) (pleas in municipal court), R. 7:8-7(a) (presence of defendant in municipal court) and by R. 7:12-4(d) (municipal court violations bureau), an entity, however formed and for whatever purpose, other than a sole proprietorship shall neither appear nor file any paper in any action in any court of this State except through an attorney authorized to practice in this State.
>
> [R. 1:21-1(c).]

[3] R. 1:1-1.

4

signed by the attorney of record or, if not represented by an attorney, by the party. If a party is not represented by an attorney the pleading shall include the name, residence address and telephone number of the party.

[R. 8:3-3.]

Defendant argued that R. 1:21-1(c) is an ultimate bar to entities appearing in court pro se, including signing and filing papers with the court, because it is a rule of general application and R. 8:3-3 requires all pleadings to "accord as to form with the rules governing pleadings in the Superior Court." R. 8:3-3. More specifically, Defendant asserted that while the Plaintiff, according to R. 8:3-3, may sign the papers, under R. 1:21-1(c), only an attorney authorized to practice law in New Jersey could file them with the court. Finally, during the oral argument, Defendant stated that if the court was to grant Plaintiff reinstatement of its complaint, it should be to the date when the amended complaint and notice of appearance were filed, not to the original date when the deficient complaint was received by the clerk's office.

## Legal Analysis.

The Division argues that the court must apply R. 4:50-1 to this motion for reinstatement because the court entered the judgment of dismissal and no longer retained jurisdiction over this case. However, R. 4:50-1 only applies to motions requesting relief from a "final order or judgment." Plain reading of the December 5, 2017, order shows that the order was not final, at least not until January 4, 2018, because it provided that "Plaintiff may move to reinstate this matter within 30 days of the date of this Judgment, though the filing of a motion signed by an attorney authorized to practice law in this State." Therefore, R. 4:50-1 does not apply to the present motion.

Generally, the court has discretion in granting or reinstating the complaint. Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 93 (App. Div. 2008) ("Whether to grant or deny a motion to reinstate a complaint lies within the sound discretion of the trial court."). The passage

5

of time from the initial filing and prejudice to the other side are issues the court may consider when exercising its discretion. Miller v. Estate of Kahn, 140 N.J. Super 177, 182 (App. Div. 1976). Nevertheless, as both the Division and MMC rightly point out, the law does not give the tax court jurisdiction to hear complaints filed more than 90 days after receiving the final determination from the Division. F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 425 (1985). Still, the court has the initial authority to determine if it has jurisdiction over the claims asserted before it. American Trucking Ass'ns, Inc. v. State, 324 N.J. Super. 1, 10 (App. Div. 1999), rev'd on other grounds, 180 N.J. 377 (2000). The court agrees that statute of limitations rule of N.J.S.A. 2B:13-2 and R. 8:3-1(b) is to be strictly construed in state tax cases, and if the plaintiff is even one day late with his filing, the court has no jurisdiction over the case. Id. at 425. On the other hand, R. 1:5-6(c) allows the nonconforming papers to retain their original filing date if the deficiencies are timely corrected. Moreover, R. 1:1-2(a) allows the court to relax any court rule to prevent injustice. Both parties agree that December 29, 2017, motion was filed more than ninety days after MMC received the Division's final determination. It is also undisputed that November 3, 2017, the date the nonconforming complaint was submitted, would be within the statutory ninety-day limit for a timely filing. The main question is then whether granting MMC's motion for the reinstatement of the present complaint would constitute an extension of the statute of limitations, which the court is not authorized to do, or enlargement of time to cure a deficiency of a complaint filed on November 3, 2017, which is within the court's power under R. 1:1-2(a).

The time limit prescribed by the R.1:5-6(c) is ten days from the date of notice of deficiency. But, under R. 1:1-2(a), the court may relax any court rule, including the R.1:5-6(c), if strict adherence to it would result in injustice. Therefore, the court may extend the time to cure the deficiencies in nonconforming papers if justice so requires. Sahaya v. Director, Div. of Taxation, 29 N.J. Tax 18, 26, 27 (2015). In this case, the papers submitted on November 3, 2017, contained

6

a sufficient albeit nonconforming complaint (only lacking a signature of a New Jersey attorney), which deserves to be heard on the merits, rather than be dismissed on a technicality. The court's language quoted above shows that the court was aware of a single defect of MMC's complaint (a corporation not being represented by counsel), and decided to enlarge the time to correct the nonconformity (i.e. obtain representation of counsel). Thus, allowing MMC additional time to obtain representation by counsel did in fact operate to prevent injustice. Of course, if the initial filing have been even one day late, the court would be powerless to grant relief because an untimely filing divests the tax court of jurisdiction. Lawrenceville Garden Apartments v. Township of Lawrenceville, 14 N.J. Tax 285, 288 (App. Div. 1994). However, MMC's nonconforming papers submitted on November 3, 2017, were well within the statutory ninety days from August 8, 2017. As a result, this enlargement of time to cure a deficiency was not an extension of the statute of limitations, but a simple relaxation of a court rule to prevent injustice.

The court finds the Division's argument that the reinstatement date should be December 29, 2018, the date of the filing of the amended complaint, this motion, and notice of appearance, unpersuasive. The whole purpose of reinstatement is to save the original filing date. It is especially true in State tax cases, because the reinstatement of the complaint to the date of filing of the motion would strip this court of jurisdiction and would make any such motion to reinstate futile. That is why a timely corrected nonconforming filing, according to established precedent, operates to toll the statute of limitations. Patel v. Director, Div. of Taxation, 13 N.J. Tax 509, 519 (Tax 1993) (citing White v. Katz, 261 N.J. Super 672 (App. Div. 1993)). Thus, when the case is reinstated, it retains the original filing date, and the statute of limitations defense cannot apply to it if it could not apply to the originally filed case. Mason v. Nabisco Brands, Inc., 233 N.J. Super. 263, 270 (App. Div. 1989).

7

The court holds that it has jurisdiction over this claim and the reinstatement is not time barred by the statute of limitations because the court was permitted under R. 1:2-1(a) to relax the ten day rule to cure a deficiency and retained jurisdiction over the case until January 4, 2018. A less than forty day delay in curing the deficiency in strict accordance with the court order is a relatively short time and does not warrant denial of the motion based on the passage of time, where the initial complaint contained a timely and sufficient notice of the cause of action to the Division. Because MMC, following the court order of December 5, 2017, moved through its counsel authorized to practice law in New Jersey for reinstatement within the thirty of said order, MMC's complaint is reinstated and will retain the November 3, 2017, filing date.

Finally, the court finds that at this time it does not need to reach a conclusion on whether R. 8:3-3 allows an entity to file pleadings with the Tax Court because here the complaint is reinstated on other grounds.

## Conclusion.

For the reasons stated above, Plaintiff's motion is GRANTED. Plaintiff's complaint is reinstated and retains the original filing date. An order consistent with this opinion shall be entered on the record.

Very truly yours,

Honorable Joseph M. Andresini, P.J.T.C.

8